Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001082
09-MAR-2016
08:39 AM

NO. CAAP-12-0001082

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plainitff-Appellee, v.
KATHLEEN FISCHER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTC-12-046848)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Kathleen Fischer (Fischer) appeals from the November 29, 2012 Amended Judgment and Notice of Entry of Amended Judgment (Amended Judgment)[1] that dismissed without prejudice the State of Hawai'i's (State) charge against Fischer for reckless driving of a motor vehicle in violation of Hawaii Revised Statutes (HRS) § 291-2 (2007), entered by the District Court of the Third Circuit, Kona Division (District Court) in case number 3DTC-12-046848.[2]

Fischer appears to argue[3] that the District Court erred when it amended the judgment to dismiss the charge without

---

[1]  The text of Fischer's December 14, 2012 notice of appeal in case number 3DTC-12-046848 identifies, as the sole document appealed from, the "ORDER AMENDING DISMISSAL WITH PREJUDICE TO DISMISSAL WITHOUT PREJUDICE, RAISED AND ARGUED [sic] November 29, 2012, entered November 29, 2012, Order attached as Exhibit One." (Notice of Appeal) However, we can find no such order in the record and Exhibit One, attached to her Notice of Appeal, is a copy of the aforementioned Amended Judgment.  Therefore, we presume Fisher appeals from this Amended Judgment, and not some other order allowing the amendment of the judgment.

[2]  The Honorable Joseph P. Florendo presided.

[3]  Fischer's "Point of Error" is in violation of Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) insofar as it does not state "where in the record the alleged error occurred and [] where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[.]"  Counsel is cautioned that future noncompliance may result in sanctions.

prejudice because (1) the District Court did not enter any findings of fact or conclusions of law to justify its original judgment; (2) the minutes and the original judgment indicated the case had been dismissed with prejudice and the State did not move to amend the allegedly incorrect judgment until after a second charge against Fischer had been filed; and (3) the District Court did not enter any findings or conclusions to justify its Amended Judgment.

After a careful review of the record in this case, the issues raised and arguments made by the parties and the applicable authority, we resolve Fischer's appeal as follows and affirm.

As a preliminary matter, we reject the State's argument that this court lacks jurisdiction over this appeal. The State argues, *inter alia*, that there was no final decision[4] from which Fischer could take her appeal, insofar as she has yet to appear for trial on the charge against her. However, the State fails to appreciate that, while trial on the Complaint filed by the State in case number 3DTA-12-01957[5] may be pending, the instant, underlying case number 3DTC-12-046848 was resolved by the District Court's dismissal of this case.

Fischer's argument that the District Court erred in failing to render findings in support of its decision to grant the State's motion to dismiss is unconvincing. It is uncontested that the prosecution had the authority to dismiss the charge in this case, prior to trial, with leave of the District Court. Hawaiʻi Rules of Penal Procedure (HRPP) Rule 48(a). Fischer provides no authority for the proposition, and we know of none, that requires a court to make findings or give reasons for granting such leave.

---

[4]     HRS § 641-12 (Supp. 2015), governing appeals from the district courts, provides, in pertinent part,

> Appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters.

[5]     We take judicial notice of the files and records of the District Court of the Third Circuit in case number 3DTA-12-01957. Hawaii Rules of Evidence Rule 201.

Second, although Fischer complains that the State did not move to amend the original judgment until after the complaint in case number 3DTA-12-01957 had been filed, she does not explain why this timing affects the validity of the Amended Judgment. Indeed, HRPP Rule 36[6] specifically provides that clerical errors may be corrected "at any time."

Finally, Fischer complains that the District Court failed to enter any findings or conclusions justifying the entry of the Amended Judgment. To the contrary, in granting the State's motion to amend, the District Court stated, "Court's intent was to allow dismissal without prejudice[,]" "the written judgment and order is incorrect and does not accurately reflect the Court's intent in allowing a dismissal" and "I do find it's a clerical mistake." Thus, we conclude that, to the extent that findings or conclusions were necessary, the District Court sufficiently informed the parties regarding the reasons for its decision.

Accordingly, we affirm the Amended Judgment entered by the District Court of the Third Circuit, Kona Division on November 29, 2012.

DATED: Honolulu, Hawai'i, March 9, 2016.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[6]     HRPP Rule 36, Clerical Mistakes, provides, in relevant part,

        Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders.